UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Barry Ishmael McReynolds, | File No. 22-cv-3219 (ECT/JFD) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| State of Minnesota; Zachary Hansen, *Minnesota State Trooper, in their individual and official capacities*; and Troopers Doe 1–6, *in their individual and official capacities*, | |
| Defendants. | |

---

Paul J. Bosman, St. Paul, MN, for Plaintiff Barry Ishmael McReynolds.

Ian Wesley Taylor, Jr., and Jennifer L. Olson, Office of the Minnesota Attorney General, St. Paul, MN, for Defendants State of Minnesota, Zachary Hansen, and Troopers Doe 1–6.

---

*Background allegations.* Plaintiff Barry Ishmael McReynolds alleges that Defendants—the State of Minnesota, Minnesota State Trooper Zachary Hansen, and "Troopers Doe 1–6"—violated his constitutional rights and assaulted him during a traffic stop. McReynolds alleges that Trooper Hansen stopped him on a snowy night in December 2019. Compl. ¶¶ 9–10. Trooper Hansen told McReynolds he initiated the stop because snow made the license plate on McReynolds's 2002 GMC Yukon unreadable. *Id.* ¶¶ 12, 24. Then, believing he smelled alcohol and suspecting McReynolds may have been drinking, Trooper Hansen conducted a pat-down search of McReynolds and conducted a series of field sobriety tests on McReynolds. *See id.* ¶¶ 26–38, 62–83. McReynolds "did not test as intoxicated." *Id.* ¶ 94. He was charged, however, with driving after suspension

and driving with a snow-covered license plate. *Id.* ¶ 99. These charges "were later dropped." *Id.* ¶ 100.

*Plaintiff's claims.* McReynolds claims that the stop and search violated his federal constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments. *Id.* ¶¶ 105–130 (Counts 1 and 2). He asserts these claims under 42 U.S.C. § 1983 against all Defendants, including the officers "in their individual and official capacities." Compl. ¶ 1. He asserts a claim against the State under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Compl. ¶¶ 131–136 (Count 3). He asserts an assault claim under Minnesota common law against Trooper Hansen. *Id.* ¶¶ 137–141 (Count 4). And he asserts this same assault claim against the State of Minnesota on the theory that it "controlled the interactions between Defendant State Troopers and Plaintiff through its hiring, training, monitoring and supervision of its employees." *Id.* ¶¶ 142–147 (Count 5).

*Defendants' Rule 12 motion.* On March 7, 2023, Defendants filed a motion to dismiss some, but not all, of Plaintiff's claims. ECF No. 5. Specifically, Defendants sought to dismiss the § 1983 "official-capacity" claims against Trooper Hansen and the Troopers Doe (in Counts 1 and 2), the § 1983 claims against the State (Counts 1, 2, and 3), and the assault claim against the State (Count 5). In support of their motion, Defendants filed a notice, a memorandum of law, a proposed order, and a meet-and-confer statement, all on March 7. ECF Nos. 6–9; *see also* ECF No. 12 (amended notice). The meet-and-confer statement deserves mention. In it, Defendants represent that McReynolds agreed to "dismiss the State of Minnesota and all state troopers in their official capacities from Counts [1], [2] and [3]." ECF No. 7. McReynolds opposed only the dismissal of his assault

2

claim against the State in Count 5.  The hearing on Defendants' motion is scheduled for Monday, May 22, 2023, beginning at 10:00 a.m.

*Plaintiff's non-response.*  McReynolds's response to Defendants' motion was due to be filed on or before March 28, 2023.  D. Minn. LR 7.1(c)(2).  McReynolds, however, filed no response—by that deadline or since.

*The motion will be granted in part based on the meet-and-confer statement.*  Several claims deserve to be dismissed based on the meet-and-confer statement filed by Defendants.  These include McReynolds's § 1983 claims against Trooper Hansen and Troopers Doe 1–6 in their official capacities and his § 1983 claims against the State, including his *Monell* claim.  It seems safe to accept the meet-and-confer statement's accuracy.  It was signed by counsel, and McReynolds has not filed anything suggesting that the statement is inaccurate.

*The motion will be granted as to Count 5 for other procedural and legal reasons.*  Though he did not consent to its dismissal beforehand, McReynolds's assault claim against the State in Count 5 also will be dismissed.  Count 5's dismissal is justified procedurally and on the merits.  McReynolds' failure to respond to Defendants' motion constitutes a waiver, and the motion could be granted on just this basis.  *See Hernandez-Diaz v. Equifax Info. Servs.*, No. 22-cv-2302 (JRT/JFD), 2023 WL 2025123, at *2 (D. Minn. Feb. 15, 2023) ("As a preliminary matter, the Court interprets a failure to respond to a motion to dismiss as a waiver and voluntary dismissal of those claims."); *see also Cox v. Harpsted*, No. 22-cv-0478 (PJS/DJF), 2022 WL 16541087, at *1 (D. Minn. Oct. 28, 2022) (accepting report and recommendation and agreeing that the plaintiff's "failure to respond to defendants'

3

motion to dismiss amounts to waiver"). Waiver aside, "[t]he Eleventh Amendment bars federal court jurisdiction over state law claims against unconsenting states or state officials when the state is the real, substantial party in interest, regardless of the remedy sought." *Cooper v. St. Cloud State Univ.*, 226 F.3d 964, 968 (8th Cir. 2000) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984)). No reasonable basis is apparent for McReynolds's assertion of his claim in Count 5.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendants' Partial Motion to Dismiss [ECF No. 5] is **GRANTED**.

2. Counts 1, 2, and 3 are **DISMISSED WITHOUT PREJUDICE** to the extent they are asserted against Defendant State of Minnesota and to the extent they are asserted against the individual Defendants in their official capacities.

3. Count 5 is **DISMISSED WITHOUT PREJUDICE**.

4. The hearing on Defendants' motion scheduled for Monday, May 22, 2023, beginning at 10:00 a.m. is **CANCELED**.

Dated: May 15, 2023                              s/ Eric C. Tostrud
                                                 Eric C. Tostrud
                                                 United States District Court